## No. 961
## BUSH v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6305. Decided June 22, 1925

480. EVIDENCE — Incriminating statements made by third parties against defendant who was not present when the statements were made, are not admissible against such defendant.

VICKERY, J.

Bush was convicted in the Cuyahoga Common Pleas for participating in the robbery of a West Side Bank. The record shows that the defense was an alibi in that it is claimed that at the time of the robbery, which was at about 10:30 A. M., Nov. 28, 1924, Bush was in Detroit, Michigan, his home, in substantiation of which several witnesses were brought to testify.

The record shows that Bush was connected with the robbery thru statements purporting to have been made by George Shoer, concurred in by Cameron Moore, both pleading guilty to the robbery. The record further shows that the Prosecutor admitted that Bush was brutally tortured and he maintained his innocense despite the horrible efforts of the officers in endeavoring to procure a confession from him.

The statement connecting Bush with the robbery written by the officers and signed by Shoer and Moore was not made in the presence of Bush. At the instance of the defense, Moore was brought from the penitentiary to testify and his testimony on cross examination shows that his statement in so far as connecting Bush with the robbery was not true. The statement was admitted by the court over objection of Counsel for the defense. Bush was convicted in the Cuyahoga Common Pleas.

Error was prosecuted to reverse the judgment below. The Court of Appeals held:

1. The method employed in identifying Bush lessens the value of the testimony in that respect, the record showing that before the witnesses were permitteed to identify Bush, they were shown a picture of Bush obtained from the Rogues Gallery.

2. So far as the weight of the evidence on this point is concerned, the testimony for the defense in support of the alibi is as positive as the testimony tending to counteract the defense.

3. In view of the methods used in the identification of Bush and the fact that there were as many witnesses substantiating Bush's defense of alibi, and also considering the brutal treatment of Bush by the officers, indicating the animus of the police in this case, the verdict of the jury is contrary to the weight of the evidence.

4. It was error for the Court to admit the statement of Moore since it was not made in the presence of Bush and because the testimony of Moore would indicate that the facts do not support his signed statement. Case reversed and remanded for new trial.

Judgment reversed.

Attorneys—George Spooner for Bush; E. C. Stanton for State; both of Cleveland.